Caruthers, J.,
delivered the opinion of the Court.
This suit was brought by the plaintiffs as attorneys, to recover of the defendant, a fee, upon a contract to defend him in a prosecution by the State for a criminal charge.
The contract relied upon, and proved, was that the plaintiffs were to attend to the case until it was ended, and the defendant was to pay them such fee as a designated referee might say was right. On the next day, and before the service was rendered, the defendant discharged the plaintiffs from his service, on the ground, as he alleged, that his wife had employed another attorney: whereupon, Cantrell told him, “He was ready to comply with his contract, and would make him do so.”
Cantrell then volunteered in the prosecution, and *118 rendered Ms professional services to the State against the defendant. Here was a positive contract, and neither party had a right to abandon it, without the consent of the other, except upon good and sufficient grounds.
The plaintiffs then could hold the defendant to his contract, and by a continuing tender of their services, or holding themselves in readiness to perform them, to the end of the prosecution, although they were rejected, would be entitled to the benefit of their agreement, unless some sufficient cause for their discharge was shown, and the fact that another attorney had been engaged, would not be sufficient.
But, if the plaintiffs, instead of holding themselves in readiness to render the services to the defendant, for which they had contracted, entered upon the other side of the case, this would be an abandonment of the contract, and a release of the defendant from its obligation.
This consequence is not avoided by the tender and rejection of their services at the time they were discharged, for the defendant might have changed his mind as his case progressed, and have called them in to his assistance, as he would have had the right to do, if they continued to insist upon the contract.
To entitle them to their fee, they must have kept themselves in a condition to serve the defendant, according to contract, notwithstanding the discharge.
If any labor had been performed under the contract before it was abandoned, and the plaintiffs were in no fault, or discharged without good legal cause, for that they might recover.
If the law of contracts were such, as to sustain this *119 claim for a full fee, under the circumstances, it -would call loudly for Legislative amendment.
The effect would be, that a man could be made to pay for services against him.
The defendant had no right, in this case, to rescind the contract, but by mutual consent, and could have been held to its obligation, but instead of doing that, the other contracting parties, chose to concur in the abandonment, by entering upon the other side.
The consequence is, that the contract was dissolved by the. conduct of both parties, and neither party could maintain any action upon it.
The verdict and judgment below, for the defendant, was correct, and is affirmed.